FILED
United States Court of Appeals
Tenth Circuit

November 5, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EFRAIN QUEZADA-TRUJILLO,

    Defendant - Appellant.

No. 19-2122
(D.C. No. 1:17-CR-00578-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

Efrain Quezada-Trujillo pleaded guilty to distribution of methamphetamine. He was sentenced to 72 months' imprisonment—well below the advisory guideline range of 135 to 168 months. Although his plea agreement contained a waiver of his right to appeal, he filed a notice of appeal. The government then filed a motion to enforce the appeal waiver in the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

In response to the motion to enforce, Mr. Quezada-Trujillo's counsel stated: "Counsel for Defendant does not have a good faith legal or factual basis to contest

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the government's Motion to Enforce Appellate Waiver in Plea Agreement."  Resp. at 1.  Although counsel did not expressly invoke *Anders v. California*, 386 U.S. 738 (1967), his statement is consistent with the Supreme Court's directive in *Anders*, *see id*. at 744 (explaining that "if counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court").  We then gave Mr. Quezada-Trujillo an opportunity to file a pro se response to the motion to enforce.  *See id*. (directing that time be allowed for the defendant "to raise any points that he chooses").  The deadline has passed and, to date, he has not filed a response. *Anders* explains that the court should "then proceed[], after a full examination of all the proceedings, to decide whether the case is wholly frivolous."  *Id*.  We have reviewed the motion to enforce, the plea agreement, and the transcript of the change-of-plea hearing and we agree that there is no non-frivolous basis to contest the motion to enforce.

We conclude that Mr. Quezada-Trujillo's appeal of his sentence is within the scope of the appeal waiver in his plea agreement; he knowingly and voluntarily waived his appellate rights; and enforcing the waiver would not result in a miscarriage of justice.  *See Hahn*, 359 F.3d at 1325 (describing the factors this court considers when determining whether to enforce a waiver of appellate rights). Accordingly, we grant the motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam

2